UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cv-81197-Hurley/Hopkins

ADT LLC,

    Plaintiff,

vs.

VISION SECURITY, LLC,

    Defendant.
_____/

FILED by _____ D.C.

MAR 1 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DE 6)

**THIS CAUSE** has come before this Court upon an Order referring Plaintiff's Motion for Preliminary Injunction (DE 6) to the undersigned United States Magistrate Judge for a Report and Recommendation (DE 21). Defendant filed a Response to Plaintiff's Motion (DE 18), and Plaintiff replied (DE 23). The undersigned held an evidentiary hearing on the Motion on January 14, 2014 (DE 34). Pursuant to discussions held at the hearing, Plaintiff filed a Supplemental Brief (DE 42), to which Defendant filed a Response (DE 45), and Plaintiff filed a Reply (DE 49). The matter is now ripe for this Court's review. For the reasons that follow, the undersigned **RECOMMENDS** that Plaintiffs' Motion (DE 6) be **DENIED**.

### BACKGROUND

Plaintiff initiated the instant action alleging that Defendant systematically trains its sales agents to sell its services to Plaintiff's customers through the use of false statements and deceptive sales practices in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), the Florida

Deceptive and Unfair Practices Act, Fla. Stat. §§ 501.201 et seq., and Florida's common law of unfair competition (DE 39).

This is the second action between Plaintiff and Defendant. In the first action, Plaintiff asserted claims under the same statutes, arguing that Defendant's agents were interfering with Plaintiff's contracts with its customers by making false and misleading statements intended to confuse Plaintiff's customers (12-cv-81120-DTKH, DE 59). The Parties ultimately entered into a Settlement Agreement ("Agreement") on August 26, 2013 (DE 6-1), less than three months before Plaintiff filed the instant Motion. The Agreement provides in part that Defendant pay $2.2 million in damages in exchange for Plaintiff dismissing the action and releasing Defendant from "all claims that [Plaintiff] may possess against [Defendant], known or unknown, asserted or unasserted, as of the date of this Agreement" (DE 6-1, p. 2-3). The Agreement also includes a provision giving this Court continuing jurisdiction to hear matters relating to the Agreement (DE 6-1, p. 2).

In addition to the Agreement, the Parties submitted an Agreed Permanent Injunction that was approved by the District Court (12-cv-81120-DTKH, DE 105). Relevantly, the Injunction provides:

> 1. *[Defendant] Vision[1] shall not make any false statement regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, or design of any [Plaintiff] ADT customer's equipment, security systems, or services*, or to misrepresent to any ADT customer that such customer's ADT security system is outdated or deficient. Nothing in this paragraph shall operate to enjoin Vision from providing accurate information regarding differences in the functionality, equipment, and services that Vision sells following an inspection of the potential customer's existing system.

---

[1] "Vision" as used here is defined to include affiliate companies, "owners, members, managers, agents, servants, employees, independent contractors, officers, directors, attorneys, partners, subsidiaries, successors and assigns, or any transferee of the businesses or assets of any Vision Entity" (12-81120-DTKH, DE 105, p. 1).

(12-81120-DTKH, DE 105, para. 1) (emphasis added). The injunction also provides for additional requirements of Defendant's agents, and lists specific statements that may not be stated or implied to a potential customer (12-cv-81120-DTKH, DE 105, paras. 2, 3).

According to Plaintiff's pending Motion, Plaintiff agreed to enter into the Agreement and Injunction based on Defendant's representations that any false sales pitches that had already occurred were the work of "rogue" sales agents, rather than company policy (DE 6). Nevertheless, Plaintiff now claims to have uncovered evidence showing that Defendant has engaged and continues to engage in a systematic training program in which its agents are told to target Plaintiff's customers and convert them to Defendant using false sales pitches (DE 6). That evidence includes transcripts from the depositions of two former employees of Defendant (DE 6-9, 6-10), several transcripts of video or audio recordings that purportedly depict the training sessions in question (DE 6-3, 6-4, 6-5, 6-6), and several reports of incidents of fraud perpetrated by Defendant that were reported to the Better Business Bureau of Utah (DE 6-13, 6-14, 6-18). Plaintiff has provided additional evidence of Defendant's alleged misbehavior as attachments to its Supplemental Reply (DE 49).

Although the prior injunction remains in force, Plaintiff claims that an additional injunction, or a modification to the prior injunction[2], is necessary because the prior injunction

---

[2] Plaintiff raised its request for a modification to the existing injunction for the first time in its supplemental brief (DE 42). But arguments raised for the first time in a reply brief are considered waived. *See Herring v. Dep't of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) (citations omitted). Even if Plaintiff had raised its request for a modification to the existing injunction in its Motion, the terms of the injunction provide that the injunction cannot be modified except under extraordinary circumstances as provided by the Federal Rules of Civil Procedure, or upon a joint application (DE 6-1, para. 6). Plaintiff has failed to allege extraordinary circumstances and a joint motion has not been filed.

does not cover Defendant's training of its sales agents; rather, Plaintiff contends that the prior injunction governs only sales activities at the doorstep of customer homes (DE 42).

At the hearing on Plaintiff's Motion, the undersigned voiced concerns regarding the issues of *res judicata* and whether Plaintiff has sufficiently alleged an injury to be entitled to a preliminary injunction (DE 34, 45-1). Reflecting a similar concern on the issue of injury, the District Court entered an Order the day after the hearing dismissing Plaintiff's Complaint without prejudice (DE 36). The District Court held that Plaintiff did not describe its allegations of fraud with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b) (DE 36). Accordingly, the Court advised that "[Plaintiff] ADT must state, with particularity, those allegations that constitute its complaint. Although ADT claims injurious training, it must show how that training caused it injury. To do so, ADT must allege the 'who, what, when, where, and how of the allegedly false statements' made to ADT's customers" (DE 36).

Subsequent to the District Court's Order, Plaintiff filed an Amended Complaint (DE 37), followed by a Second Amended Complaint (DE 39). A Motion to Dismiss the Second Amended Complaint is currently pending (DE 46). After reviewing all of the above mentioned documents, including the supplemental materials provided after this Court's hearing (DE 42, 45, 49) and for the reasons explained below, the undersigned recommends that Plaintiff's request for a preliminary injunction be denied.

## DISCUSSION

**PRELIMINARY INJUNCTION**

As the party seeking injunctive relief, Plaintiff bears the burden of establishing four elements: (1) that it has a substantial likelihood of success on the merits; (2) that a substantial

likelihood of irreparable injury exists if the injunction is not granted; (3) that the threatened injury outweighs the potential harm to Defendant; and, (4) that the injunction, if issued, will not be adverse to the public interest. *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citation omitted).

It is well established that a "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). Generally, the first element is the most important because granting a motion for preliminary injunction would be inequitable if the movant has no chance of success on the merits. *See Butler v. Alabama Judicial Inquiry Comm'n*, 111 F. Supp. 2d 1224, 1229-30 (M.D. Fla. 2000). "If the movant is unable to establish a likelihood of success on the merits, a court need not consider the remaining conditions prerequisite to injunctive relief." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002) (citing *Pittman v. Cole*, 267 F.3d 1269 (11th Cir. 2001)).

The first element necessary to obtain a preliminary injunction, substantial likelihood of success on the merits, is satisfied if "good reasons for anticipating [success] are demonstrated." *Southern Wine and Spirits of America, Inc. v. Simpkins*, 2011 WL 124631, *2 (S.D. Fla. Jan. 14, 2011). Merely advancing a colorable claim is insufficient. *See id.*

In this case, Plaintiff is seeking a preliminary injunction under the causes of action asserted in the controlling Complaint (DE 39), namely under the Lanham Act, 15 U.S.C. § 1125(a)(1), the Florida Deceptive and Unfair Practices Act (FDUTPA), Fla. Stat. §§ 501.201 et seq., and Florida's common law of unfair competition (DE 6). Thus, Plaintiff must establish that

it is likely to succeed on at least one of these claims via its assertion that Defendant has generally engaged in fraudulent practices through systematic training of its employees.

Based on the facts and circumstances of the prior suit, Defendant has asserted the affirmative defense of *res judicata* (DE 18). *See Dillard et al. v. Crenshaw County, etc. et al.*, 640 F. Supp. 1347, 1354, 1363-64 (M.D. Ala. 1986) (finding that one defendant's affirmative defense of res judicata precluded preliminary relief). The doctrine of *res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). *Res judicata* ensures that the "full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting *Montana v. United States*, 440 U.S. 147 (1979)). The doctrine of *res judicata* bars future suits when: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale*, 193 F.3d at 1238 (citing *Citibank*, 903 F.2d at 1501). Each of these elements is satisfied in the instant case.

As to the first element of the *res judicata* analysis, a lawsuit that has been dismissed with prejudice pursuant to a settlement agreement constitutes a final judgment on the merits for purposes of claim preclusion. *See Citibank*, 904 F.2d at 1501; *see also Pelletier v. Zweifel*, 921 F.2d 1465, 1501 (11th Cir. 1991) ("The law is clear that if a suit has been dismissed pursuant to a settlement, this is a final judgment that will ground a procedural bar."). Because the first suit was

dismissed with prejudice pursuant to a settlement agreement (12-cv-81120-DTKH, DE 106), the first element is satisfied in this case.

The second and third elements are also satisfied because a court of competent jurisdiction, namely this Court, entered a final judgment in the prior case, and the parties in both are identical. These conclusions are not disputed.

The fourth element, that the same causes of action be involved in both cases, requires more analysis. The Eleventh Circuit has found that "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986) ("In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form."). Essentially, a court "must look to the factual issues to be resolved [in subsequent causes of action], and compare them with the issues explored" in the actions already adjudicated. *Citibank*, 904 F.2d at 1503 (quoting *S.E.L. Maduro v. M/V Antonio De Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987)). Particularly, when "a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." *Id.* A showing that the requested relief is identical or nearly identical to the relief granted in the first case is evidence that the two causes of action are the same. *See, e.g., Home Depot U.S.A., Inc. v. U.S. Fire Ins. Co.*, 299 Fed. Appx. 892, 895 (11th Cir. 2008); *Brown v. Comcast Cablevision of Tallahassee*, 134 Fed. Appx. 423 (11th Cir. 2005).

In the prior case, Plaintiff received relief in the form of damages and a permanent injunction (DE 6-1). Plaintiff is now seeking damages and an additional injunction, asserting that

an additional injunction is necessary because the prior injunction does not cover the behavior now alleged, namely Defendant's in-house training. But essentially, Plaintiff is attempting to make a separate cause of action by removing the customer element asserted in the prior case and proceeding without alleging a specific injury. Nevertheless, the undersigned finds that the alleged "fraudulent training" only becomes harmful once Defendant's agents reach the customer. This conclusion is supported by the District Court's Order of Dismissal, which required Plaintiff to allege the who what where when and how of customer complaints so as to show an injury (DE 36). The fact that the governing Complaint describes numerous customer complaints also shows that the cause of action is not satisfied until the customer enters the equation (DE 39). The customer element is an integral part of the cause of action. And the behavior that occurs at the customer's door is specifically regulated under the prior injunction, a fact which Plaintiff concedes (DE 45-1, p. 52).

To the extent that an injunction which governs the alleged behavior already exists, an additional injunction is barred by *res judicata*. *Crofters* is persuasive on this point. *See Securities and Exch. Comm'n v. Crofters, Inc.*, 351 F. Supp. 236 (S.D. Ohio 1972) (*rev'd on other grounds sub nom. Securities and Exch. Comm'n v. Coffey*, 493 F. 2d 1304 (6th Cir. 1974)). As background, the court in *Crofters* described a prior suit between the plaintiff and one defendant that resulted in a permanent injunction which prevented the defendant from violating a provision of the securities act. *See id.* at 257. Thereafter, the plaintiff initiated suit in *Crofters*, arguing that the prior injunction did not cover the acts that were at issue in the second suit. *See id.* The defendant moved for dismissal, arguing that the prior injunction was *res judicata* to the second suit. *See id.* After analyzing the prior injunction and the current complaint, the *Crofters* court

held that the prior injunction could "fairly be read to extend to and enjoin the acts now charged against the defendant." *See id.* Furthermore, the court stated that the "minor difference between the injunction granted in [the prior case] and the one sought in this Court are not, in our opinion, of legal significance." *Id.* In conclusion, the court held that the injunction was *res judicata* to the second suit. *Id.* at 258.

Almost identical facts are present in the instant case. Plaintiff alleges that the improper training of Defendant's agents constitutes its current cause of action, but even assuming Plaintiff could state a cause of action without the customer element, the undersigned believes the existing injunction is sufficient to regulate pre-customer behavior as well. Specifically, the first numbered paragraph of the prior injunction prevents Vision, which is defined to include Vision's agents, from making "any false statements regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, or design of any ADT customer's equipment, security systems, or services . . . ." (DE 6-1, para. 1). As evident by the language used, this portion of the injunction regulates behavior without involving the customer. Moreover, training its agents to make false statements can fairly be said to be part of a scheme to engage in the proscribed activity. Thus, the prior injunction, like that in *Crofters*, can be read to "extend to and enjoin the acts now charged against the defendant." *Crofters*, 351 F. Supp. at 257.

In support of its argument that it has a new cause of action, Plaintiff attempts to draw a parallel between the instant case and nuisance cases (DE 42, p. 3). Plaintiff cites *Lawlor* for the proposition that "an abatable nuisance may frequently give rise to more than a single cause of action." *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327-28 (1955). However, continued violation of an injunction does not support a new cause of action in which the plaintiff

is seeking an additional injunction to prevent the same behavior. *See, e.g., Crofters*, 351 F. Supp. at 257. Furthermore, *Lawlor* is distinguishable from the instant case because different remedies were requested in the successive actions at issue; in the first, an injunction was requested, and in the second, only damages were requested. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327-28; *see also Accardi v. Hillsboro Shores Imp. Ass'n, Inc.*, 944 So. 2d 1008, 1012 (Dist. Ct. App. Fla. 2005) (discussing how "identity of the thing sued for" could show that the same cause of action is involved in two successive cases). The fact that, through its instant Motion for Preliminary Injunction, Plaintiff is requesting an almost identical remedy to that obtained in the first suit serves as strong evidence in support of this Court's finding that that the same causes of action are involved in both cases. *See, e.g., Home Depot U.S.A., Inc.*, 299 Fed. Appx. at 895; *Brown*, 134 Fed. Appx. 423.

In sum, each of the four elements required for finding that an action is precluded by *res judicata* are present here. Because Plaintiff's claim is precluded, he cannot establish likelihood of success on the merits. *See Dillard*, 640 F. Supp. at 1364 (denying preliminary relief where "the premise for the plaintiffs' preliminary injunctive request is limited to the barred claim"). Because there is no likelihood of success, it is unnecessary for this Court to discuss the remaining conditions necessary to obtain a preliminary injunction. *See Johnson & Johnson Vision Care, Inc.*, 299 F.3d at 1247.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Preliminary Injunction (DE 6).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court"); *see also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 12th day of March, 2014 at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida

Counsel of Record