UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81197-CV-HURLEY/HOPKINS

**ADT LLC,**

    **Plaintiff,**

v.

**VISION SECURITY, LLC,**

    **Defendant.**
_____/

### ORDER STAYING ACTION PENDING COMPLIANCE WITH
### THE AGREED PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 46]. ADT filed suit against Vision Security and Security Networks, LLC on October 12, 2012. *ADT LLC v. Security Networks, LLC*, 12-cv-81120-DTKH. The Court dismissed the case on September 11, 2013, following a settlement that provided for the entry of an agreed permanent injunction [*Id.* ECF No. 105]. ADT has subsequently filed a new complaint against Defendant Vision.

Vision argues that the Court should dismiss ADT's claims because ADT has failed to comply with the agreed permanent injunction. Under the injunction, before filing suit ADT must "notify Vision of the alleged violation, in writing, by stating the name and address of the customer [and] stating the date (if known) and nature of the alleged violation . . . ." *Id.* at 4 ¶4(a). Vision must then investigate the violation and confer with ADT. *Id.* at 4 ¶4(b)–(c). In its motion to dismiss, Vision argues that ADT has not given it the notice required by the injunction and, as a result, ADT's claims should be dismissed. ADT argues that the injunction does not

cover its current claims against Vision, as it covers only Vision's injurious statements and not, as ADT now claims, Vision's injurious training.

In the prior case, the parties entered into a settlement agreement to resolve their difficulties arising from Vision's false statements to ADT's customers. The notice and investigation requirement of the corresponding injunction was intended to provide a mechanism by which the parties could effectuate the settlement's purpose. Compliance with the requirement was meant to provide an opportunity for a mutual, good faith effort to resolve any controversy prior to initiating litigation. Contrary to Vision's argument, compliance was not meant to bar a party from bringing its claims to court.

Nonetheless, a settlement is a contract, *In re Chira*, 567 F.3d 1307, 1311 (11th Cir. 2009), under which each party has obligated itself to its terms. In this case, ADT has obligated itself to discharge its pre-suit duty before filing suit, a duty it has not discharged. When confronted with a party that fails to comply with a contractual pre-suit notice requirement, some courts consider dismissal with prejudice proper, *see e.g., Gibson v. Chase Home Finance, LLC*, No. 8:11-cv-1302-T-23TBM (M.D. Fla. Apr. 2, 2012), while other courts, perhaps more appropriately, stay the case pending compliance, *see e.g., Kempner Mobile Elecs., Inc. v. Sw. Bell Mobile Sys., LLC*, No. 02 C 5403, 2004 WL 2609188 (N.D. Ill. Nov. 16, 2004).

Although ADT argues that the injunction does not cover its current claims, essential to ADT's claims for injurious training are the resultant false statements. The injunction covers, then, at least a component of ADT's claims. Because ADT can seek some relief under the injunction, and because the injunction represents a mutually agreed method by which to resolve any future controversies, then ADT must satisfy its requirements under it.

Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that:

1. This action is **STAYED** for **FORTY-FIVE (45) DAYS** from the date this Order is entered, by which time the parties shall file a **STATUS REPORT** with the Court, notifying it of their compliance with the agreed permanent injunction.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 17th day of April, 2014.

                                      Daniel T. K. Hurley
                                      United States District Judge

*Copies provided to counsel of record*